UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE EILEEN GARRETT-LUGO,

    Plaintiff,

v.                                            Case No. 8:16-cv-1137-T-AAS

NANCY W. BERRYHILL,
Deputy Commissioner of Operations,
Social Security Administration,

    Defendant.
_____/

## ORDER

Marie Eileen Garrett-Lugo's attorney Suzanne Harris moves for an award of $12,578.31 in attorney's fees under 42 U.S.C. Section 406(b). (Doc. 25). The motion indicates attorney Joe Palermo (Assistant Regional Counsel of the Social Security Administration) confirmed the Commission does not oppose the requested award. *Id.*

Ms. Garrett-Lugo applied for disability insurance benefits and supplemental security income. (Tr. 110). After disability specialists denied her applications initially and after reconsideration, Ms. Garrett-Lugo requested a hearing before an Administrative Law Judge ("ALJ"), who found Ms. Garrett-Lugo not disabled. (Tr. 19–47, 107–30, 131–46, 150–61, 180–82). The Appeals Council denied Ms. Garrett-Lugo's request for review of the ALJ's decision. (Tr. 1–6). Ms. Garrett-Lugo then filed a complaint in this court. (Doc. 1). The court reversed and remanded the ALJ's decision. (Doc. 19).

On remand, the Commissioner found Ms. Garrett-Lugo disabled. The Social Security Administration ("Administration") then issued a Notice of Award. (Doc. 27-3). The Administration informed Ms. Garrett-Lugo it withheld $18,442.00 from past-due benefits to pay her attorney's fees. (*Id.* at 3). Attorney Harris requests a $12,578.31 award under 42 U.S.C. Section 406(b). (Doc. 27).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Here, the Administration withheld $18,442.00 (twenty-five percent of Ms. Garrett-Lugo's past-due benefits) for attorney's fees. (Doc. 27-3). Based on the fee agreement between Ms. Garrett-Lugo and Attorney Harris (Doc. 27-1), the character of the representation, and the results achieved, the requested attorney's fees award of $12,578.31 is appropriate. *Gisbrecht v. Barnhart*, 535 U.S. 789, 806–08 (2002) (rejecting formulaic application of lodestar method and noting general acceptance of lodestar method, which was designed to evaluate reasonableness of attorney's fees paid by losing party, post-dates Congress enacting 42 U.S.C. § 406(b) to allow fees at or below 25% of past-due benefits as long as fees sought are reasonable based on the character of the representation and the results the attorney achieved).

The court previously awarded Attorney Harris $2,458.31 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 26). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the

smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Therefore, Attorney Harris must refund her $2,458.31 attorney's fees award under the EAJA.

Attorney Harris also indicated she intends to move for attorney's fees under 42 U.S.C. Section 406(a), in the amount of $8,322.00. (Doc. 27-4). Combined fees under Sections 406(a) and 406(b) may not exceed twenty-five percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)[1]; *see also Busby v. Comm'r of Soc. Sec.*, No. 3:14-CV-544-J-34PDB, 2016 WL 5339707 (M.D. Fla. July 13, 2016) (requiring the plaintiff's attorney to refund the plaintiff fees exceeding twenty-five percent of past-due benefits). Because the combined fees total $18,442.00 (i.e., 25% of Ms. Garrett-Lugo's past-due benefits), Attorney Harris is not required to refund that award to Ms. Garrett-Lugo.

Accordingly, Attorney Harris's motion for attorney's fees under 42 U.S.C. Section 406(b) (Doc. 27) is **GRANTED**. Attorney Harris is awarded $12,578.31 in attorney's fees under 42 U.S.C. Section 406(b). Attorney Harris must refund Ms. Garrett-Lugo her attorney's fees award under the EAJA.

**ORDERED** in Tampa, Florida on October 10th, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).